FILED
2008 May-19 AM 10:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TIONNE SHAMAR BARCLAY | ) | 5:05-CR-435-KOB-JEO |
| | ) | |
| | ) | |

**MEMORANDUM OF DECISION AND ORDER DENYING
MOTION TO REDUCE TERM OF IMPRISONMENT**

The movant, acting pro se, filed a motion for reduction of term of imprisonment on March 17, 2008, requesting that this court modify or reduce his sentence pursuant to 18 U.S.C. § 3582 which became effective on November 1, 2007. Specifically, he requested relief pursuant to Amendment 9[1] and Amendment 12[2] of the U.S. Sentencing Guidelines. [3] For the reasons stated herein, the court concludes that the motion for reduction of sentence should be **DENIED**, and a separate order to that effect will be entered.

In May 2007, the U. S. Sentencing Commission (U.S.S.C.) submitted a group of proposed amendments to the Sentencing Guidelines as they have done annually since 1987. One of these amendments, #706, represented the U.S.S.C.'s attempt to mitigate the sentencing disparity for defendants convicted of crack cocaine offenses as opposed to powder cocaine offenses. In the absence of congressional action to amend the 100:1 ratio found in the Title 21 statutes, the U.S.S.C. proposed a method to reduce the potential sentences by lowering the applicable guidelines for quantities of crack by two levels, thereby creating a ratio ranging from about 25:1 to about 80:1 within the Guidelines framework.

---

[1] Amendment 9 was the U.S.S.C.'s proposed amendment which became amendment #706 and was made retroactive by amendment #712.

[2] Amendment 12 was the U.S.S.C.'s proposed amendment which became amendment # 709 but which was not made retroactive, and thus, has no application to this movant.

[3] Movant also requested appointment of counsel and for a hearing on this matter. Those requests are also denied by separate order.

All of the proposed amendments, including the Crack Amendment, became effective on November 1, 2007. Then in December 2007, following a period of public discussion, the U.S.S.C. decided to make the Crack Amendment retroactive. The effective date for retroactive application of the Crack Amendment became March 3, 2008. The U.S.S.C. also amended Guideline § 1B1.10 to include the Crack Amendment (hereinafter referred to as "the amended policy statement"). As such, as of March 3, 2008, the Crack Amendment and amended policy statement apply to all relevant sentences, old and new. All of this was done pursuant to the U.S.S.C.'s authority found at 28 U.S.C. § 994(u) and 18 U.S.C. § 3582(c).

With that background, the court now turns to the current motion (Doc. #134) of Tionne Shamar Barclay to modify his term of imprisonment under 18 U.S.C. § 3582(c)(2). The motion seeks the benefit of the Crack Amendment and the amended policy statement.

The focus of the § 3582(c)(2) motion is the 180-months sentence[4] imposed upon movant under Count Two, Conspiracy to Distribute and to Possess with Intent to Distribute Five Kilograms or More of Cocaine Hydrochloride. Movant pleaded guilty to this charge and was sentenced on May 19, 2006. He was one of five defendants named in the indictment. Although this widespread conspiracy involved crack cocaine and powder cocaine, the defendant was charged and sentenced, he was attributed only with conduct involving at least five KG but less than 15 KG of powder cocaine.[5]

The following chart sets forth the application of the crack amendment to the instant case:

---

[4] With the filing of an Information pursuant to 21 U.S.C. § 851, the penalty for count two became Life. However, the government filed a motion for departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), making it possible for the court to sentence movant below the statutory minimum sentence.

[5] Paragraph 26 pf the presentence report disclosed on April 14, 2006, reads as follows: The guideline for this violation of 21 U.S.C. § 846 is U.S.S.G. § 2D1.1. Because this offense involved at least 5 kilograms but less than 15 kilograms of cocaine, the base offense level is 32. 2D1.1(c)(4).

|  | Original Sentence | Retroactive Sentence Adjustment |
|---|---|---|
| **Total Offense Level** | 29 | N/A |
| **Criminal History Category** | IV |  |
| **Imprisonment Range** | `LIFE` |  |
| **Departure** | `U.S.S.G. 5K1.1 & 18 U.S.C. 3553(e)` |  |
| **Sentence Imposed** | `180 months in count two` |  |
| **Rule 35(b)/Remand** |  |  |

Pursuant to U.S.S.G § 1B1.10, this court finds that the movant is not eligible for consideration for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). The movant was not sentenced based on conduct involving crack cocaine, and, therefore, is not entitled to consideration under the Crack Amendment.

DONE and ORDERED this 19th day of May 2008.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE

NOTICE CONCERNING APPEALS

A § 3582(c) motion is considered a continuation of the criminal proceeding. A notice of appeal must be filed within ten days from the entry of the judgment or order being appealed. See *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003); *United States v. Starks*, 2008 WL 351386 (11th Cir. 2008); *Fed.R.App.P.* 4(b)(1)(A)(i). If the movant was represented by appointed counsel in the Northern District of Alabama at trial or on appeal, movant will not be required to file a new application to proceed *in forma pauperis* on appeal from the denial of the § 3582(c)(2) motion. That status will be granted for appeal purposes. If movant was represented by counsel at trial or on direct appeal but believes he is now unable to afford counsel, movant should file an application to proceed *in forma pauperis* (accompanied by a certified copy of prison account statements for the last six months) when a notice of appeal from the denial of the § 3582(c)(2) motion is filed. The Clerk is DIRECTED to provide the movant with an application to proceed *in forma pauperis*.